IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **DARRELL JENKINS,** § § § **Plaintiff,** § § **v.** § § **AYODEJI ODUNLAMI, ET AL.,** § § **Defendants.** § § § | **CIVIL ACTION NO. 6:23-CV-00157-JDK-JDL** |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Plaintiff Darrell Jenkins, an inmate at the Texas Department of Criminal Justice, Darrington Unit, proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights in prison. The lawsuit was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case. Before the court is Defendants Odunlami, Jett, Evans, and Ogunjobi's motion for summary judgment filed on October 11, 2023. (Doc. No. 21.) Plaintiff did not file a response and the period to do so has passed.[1] *See* L.R. CV-7(e). For the reasons set forth herein, the court **RECOMMENDS** that Defendants' motion (Doc. No. 21) be **DENIED**.

---

[1] The court notes that Defendants' motion for summary judgment was served on Plaintiff via certified mail on October 11, 2023, at his then-address at the Ellis Unit in Hunstville, Texas. (Doc. No. 21, at 13). On December 18, 2023, the court received from Plaintiff a notice of his change of address to the Darrington Unit in Rosharon, Texas. (Doc. No. 22.) Further, Plaintiff filed a letter on April 25, 2024, requesting a status update for his case. (Doc. No. 23.) Although Defendants mailed their motion over two months prior, the issues within the prison mail system are well-known, and Plaintiff has clearly articulated his interest in continuing to prosecute this case (without any reference to the motion for summary judgment). Together, these circumstances suggest that Plaintiff may not have received the motion for summary judgment.

1

# BACKGROUND

## I.  Plaintiff's Complaint

Plaintiff filed this lawsuit against Defendants Yodeji Odunlami, Daniel Jett, John Doe, Wayne Evans, and Bukola Ogunjobi in their individual capacities on March 31, 2023, for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. (Doc. No. 1.) Plaintiff claims that on January 24, 2022, at 2:00 p.m., while confined as an inmate at the TDCJ Michael Unit, Plaintiff told Officer Ayodeji Odunlami that he felt suicidal. Odunlami allegedly said he would tell his supervisor, Sergeant Daniel Jett. (Doc. No. 1, at 6.) Around 4:00 p.m., Plaintiff states that his neighbor set a fire in his cell and that when Odunlami arrived to see why there was a fire, Plaintiff's neighbor told Odunlami that Plaintiff needed "real help." *Id.* Odunlami allegedly told them, "[I]'m going to tell [S]gt. Jett right now!" *Id.* However, no one came to help Plaintiff. *Id.* Plaintiff claims that Jett was "told by officer that I cut myself," but that Jett did not seek medical care for Plaintiff. *Id.* at 5.

When the nightshift officer, John Doe, arrived, Plaintiff claims that "I told [Doe] that I felt suicidal." *Id.* at 5. Doe allegedly said he would report to his supervisor, Lieutenant Wayne Evans *Id.* at 6. Evans then sent Sergeant Bukola Ogunjobi to see what was wrong, and Ogunjobi allegedly told Plaintiff that the "officer above told what happen." *Id.* Specifically, Plaintiff claims that Ogunjobi was "told by officer that [Plaintiff] was bleeding and need[ed] medical from selfharm [sic]," but Ogunjobi did not do anything to help. *Id.* at 5, 6.

Plaintiff claims that he was left bleeding from his left arm for 18 hours, and he did not get help until the next day when a Sergeant Foust saw Plaintiff and immediately took him to receive medical attention. *Id.* at 6. Plaintiff alleges that he received 36 staples for the cut in his left arm.

2

*Id.* Plaintiff is seeking relief in the form of $250,000 in compensatory and punitive damages, and "all costs and all relief proper." *Id.*

## II.      Defendants' Answer

Defendants filed an answer (Doc. No. 15) on July 13, 2023, admitting that Plaintiff was an inmate incarcerated within the TDCJ when Plaintiff filed his complaint and that Defendants Odunlami, Jett, Evans, and Ogunjobi are currently or were previously correctional officers at the TDCJ Michael Unit, but denying all other claims and requested relief. *Id.* Defendants raise the affirmative defenses of qualified immunity, sovereign immunity, and failure to exhaust administrative remedies. *Id.*

## III.     Defendants' Motion for Summary Judgment

Defendants' motion for summary judgment argues that Plaintiff has failed to show that Defendants committed a constitutional violation or that Defendants are not entitled to qualified immunity. (Doc. No. 21.) Regarding Officer Odunlami, Defendants do not dispute that Plaintiff told Odunlami that he was feeling suicidal. However, Defendants argue that Plaintiff cannot show that Odunlami was deliberately indifferent to Plaintiff's medical needs because Odunlami was not subjectively aware that Plaintiff was a suicide risk. *Id.* at 6. Defendants note that suicide is difficult to predict, particularly where there is no knowledge of prior suicidal ideation. *Id.* Further, Defendants argue that based on the facts alleged in the complaint, Odunlami was not deliberately indifferent because Odunlami purportedly told another ranking officer multiple times that Plaintiff felt suicidal. *Id.* at 8.

Regarding Sergeant Jett and Lieutenant Evans, Defendants argue that Plaintiff cannot show that Jett and Evans were deliberately indifferent because Plaintiff only claims that other individuals said they would inform Jett and Evans that Plaintiff was suicidal. *Id.* Defendants assert that there

3

is no allegation in the complaint that Jett and Evans were ever actually informed that Plaintiff was suicidal, that they were subjectively aware of a substantial risk of suicide, or that they disregarded that risk. *Id.* at 6-7. Likewise, regarding Sergeant Ogunjobi, Defendants argue that the mere fact that Ogunjobi purportedly said that the "officer above told what happen" is too conclusory to impart subjective knowledge about Plaintiff's condition onto Ogunjobi. *Id.* at 7.

Last, Defendants argue that Plaintiff cannot overcome Defendants' entitlement to qualified immunity. *Id.* at 9. Specifically, Defendants argue that Plaintiff has failed to demonstrate what clearly established law Defendants violated and, more specifically, has failed to demonstrate that not calling an I.C.S. (a procedure for dealing with emergencies) on Plaintiff for self-harm was objectively unreasonable. *Id.* at 11.

## LEGAL STANDARD

A motion for summary judgment should be granted if the record, taken as a whole, "shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The Supreme Court has interpreted the plain language of Rule 56 as mandating "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"[T]he party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex*, 477 U.S. at 323–25). A fact is material if it might affect the outcome of the suit under the governing law. *Merritt-Campbell, Inc. v. RxP Prods., Inc.*, 164 F.3d 957, 961 (5th Cir. 1999). Issues of material

4

fact are genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Little*, 37 F.3d at 1075.

If the movant meets this burden, Rule 56 requires the opposing party to go beyond the pleadings and to show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *EEOC v. Texas Instruments, Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996); *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1046–47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a mere scintilla of evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Wallace*, 80 F.3d at 1047; *Little*, 37 F.3d at 1075.

When ruling on a motion for summary judgment, the Court is required to view all justifiable inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587. However, the Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995).

## DISCUSSION

Here, Defendants have brought forth a motion for summary judgment asking the court to resolve the issue of qualified immunity as a matter of law. However, Defendants do not attempt to articulate a set of facts that directly contradict anything in Plaintiff's complaint. Nor do they cite to any witness affidavits, reports, or other competent summary judgment evidence in support of their motion. Indeed, there is no evidentiary record in this case at all, except for the sworn allegations in Plaintiff's complaint. Instead, Defendants argue that "Jenkins has provided no

evidence supporting his assertion that Defendants were subjectively aware of any excessive risk to his safety or were deliberately indifferent to his serious medical needs by failing to call an 'I.C.S.' on him for self-harm," and generally challenge the sufficiency of Plaintiff's allegations. (Doc. No. 21, at 2.)

In many ways, Defendants' motion reads more like a motion to dismiss for failure to state a claim. Although the court permissively could consider the motion in the context of Rule 12(b)(6), (c), Defendants had a deadline to file such a motion in this case and chose not to do so. *See* Doc. No. 11. Indeed, if Defendants felt that no discovery was necessary in this case to resolve the question of qualified immunity, then a Rule 12(b)(6) motion should have been timely brought. *See Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022) ("where the pleadings are insufficient to overcome QI, the district court must grant the motion to dismiss without the benefit of pre-dismissal discovery."). Instead, Defendants chose to file a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 and Local Rule CV-56, and they must therefore abide by the requirements of those rules. Specifically, Federal Rule of Civil Procedure 56(c) states:

> **(c) Procedures.**
>
> **(1)** *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

As noted above, Defendants essentially argue that there is no genuine dispute that the Defendants were not aware that Plaintiff was a suicide risk or that they were deliberately

indifferent to that risk. In so asserting, Rule 56(c) required Defendants to cite to "particular materials in the record" or other admissible summary judgment evidence to support that assertion. *Id.*; *see also Celotex Corp*, 477 U.S. at 328 (White, J., concurring) ("It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case."); *id.* at 331–32 (Brennan, J., dissenting) (agreeing that "a party who moves for summary judgment on the ground that the nonmoving party has no evidence must affirmatively show the absence of evidence in the record"). "This court cannot simply take their word for it." *Adelsheimer v. Carroll Cnty., Mississippi*, 639 F. Supp. 3d 699, 703 (N.D. Miss. 2022).

Further, to the extent that Defendants argue that because they have asserted the defense of qualified immunity, the burden has shifted to Plaintiff to show that Defendants' conduct was unreasonable in light of clearly established law, nothing in Rule 56(c) alters the summary judgment burden of production in cases where qualified immunity is asserted. Indeed, the Supreme Court has stated that the general rules of summary judgment plainly apply even when the defense of qualified immunity is raised. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (holding that under either qualified immunity prong, courts may not resolve genuine disputes of fact in favor of the party seeking summary judgment) (citing Federal Rule of Civil Procedure 56(a)).

The Fifth Circuit has never suggested that a defendant may circumvent the Federal Rules by generically asserting the defense of qualified immunity in a motion for summary judgment. Indeed, the Fifth Circuit has routinely held that the defense must be raised in "good faith." *See, e.g.*, *King v. Handorf*, 821 F.3d 650, 653 (5th Cir. 2016) ("A good-faith assertion of qualified immunity alters the usual summary judgment burden of proof, shifting it to the plaintiff to show that the defense is not available.") (internal quotation marks and citations omitted). At summary

judgment, compliance with Rule 56(c) would be necessary to the good faith assertion of the defense. Such a conclusion is particularly warranted where, as here, Defendants have the materials of record that would inform the court of the veracity of Plaintiff's allegations but selectively chose not to include any such supporting materials, instead relying on blanket assertions that Plaintiff cannot prove the allegations pleaded. Ultimately, the dearth of materials presented inhibits the court from conducting a proper analysis of the qualified immunity issue on summary judgment. To attempt to resolve the issue as a matter of law on such an insufficient record would be a great disservice to the litigants who come before this court.

Recently, at least one sister court in the Fifth Circuit has agreed with this reasoning. In *Adelsheimer*, the Northern District of Mississippi considered a motion for summary judgment asserting qualified immunity that presented no evidence in support, no citations to the record, and instead made bare assertions that plaintiff had no evidence that defendants knew that plaintiff was a suicide risk. 639 F. Supp. 3d at 704. As such, the court viewed the motion as a clear violation of Rule 56(c) and emphasized that "the mere fact that a defendant is asserting a qualified immunity defense entitles him to no more lenient standards when asserting a summary judgment motion under Rule 56." *Id.* at 703. In the interests of justice, the court ultimately decided to provide defendants an additional opportunity to file an amended motion for summary judgment to include competent summary judgment evidence. *Id.* at 704.

The court finds the same course of action appropriate here. Defendants filed a motion for summary judgment that wholly fails to cite to any record evidence and is replete with general accusations that Plaintiff has no evidence of Defendants' subjective knowledge that he was a suicide risk. Because Defendants have failed to comply with Rule 56(c), and thus, failed to meet their burden of production as the movant to show that there is no genuine dispute as to any material

facts, Defendants' motion for summary judgment should be denied. *See Adelsheimer*, 639 F. Supp. 3d at 703 (denying defendant official's motion for summary judgment based on qualified immunity for failing to follow Rule 56(c)); *see also Disedare v. Brumfield*, No. CV 22-2680, 2024 WL 1092833, at *8–9 (E.D. La. Mar. 13, 2024), *opinion vacated in part on reconsideration on other grounds*, No. CV 22-2680, 2024 WL 1514650 (E.D. La. Apr. 8, 2024) (same). However, in the interests of justice, Defendants should be provided an opportunity to file an amended motion for summary judgment that is supported with competent summary judgment evidence. As a frequent litigant in this court and on these cases, the Office of the Attorney General of Texas ("OAG") should be well acquainted with these rules despite the present submission of a clearly insufficient dispositive motion in this court. The court admonishes the OAG and its lawyers to comply with the Federal Rules and the local rules of this court to ensure that any future dispositive motions in this case, or any other, are brought in good faith and comply with said rules.

## CONCLUSION

For the reasons stated above, the court **RECOMMENDS** that Defendants' motion for summary judgment (Doc. No. 21) be **DENIED**. The court **FURTHER RECOMMENDS** that Defendants be given a new deadline to file a motion for summary judgment that complies with the Federal Rules and the Local Rules of this court. Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within 14 days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district

9

court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 13th day of May, 2024.**

*John D. Love*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE